# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 270

Nicholas Lechner,                                                              Appellant

v.

North Dakota Workforce Safety and Insurance,                                   Appellee

and

M I Drilling Fluids,                                                          Respondent

No. 20180203

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Stephen D. Little, Bismarck, N.D., for appellant.

Brayden K. Harwood, Special Assistant Attorney General, Fargo, N.D., for appellee.

**Tufte, Justice.**

[¶1]    Nicholas Lechner appeals from a judgment affirming an administrative order sustaining a Workforce Safety and Insurance ("WSI") order denying his claim for workers' compensation benefits.  Lechner argues he proved by the greater weight of the evidence that he suffered a compensable injury and that his claim was timely.  We affirm, concluding the administrative law judge's finding that Lechner failed to file a timely claim for benefits is supported by a preponderance of the evidence.

I

[¶2]    On May 5, 2016, Lechner filed a claim with WSI for workers' compensation benefits.  Lechner alleged he was injured at work on December 5, 2013.  He claimed he was locked in a small room without a functioning heater, it was thirty degrees below zero outside, and he "screamed and banged for help for hours" before someone let him out of the room.  He alleged he "had a panic attack and was traumatized with severe anxiety, sleep disorders, and left unable to function normally."

[¶3]    On June 24, 2016, WSI sent Lechner notice it was denying his claim for benefits.  The letter stated Lechner's claim was denied because he did not file a claim within one year after the date of the injury.

[¶4]    Lechner requested reconsideration.  In August 2016, WSI denied Lechner's claim.  WSI found he did not allege a physical injury and there were no medical records indicating that he suffered any physical injuries.  WSI found the evidence indicated Lechner suffered a mental injury arising out of a mental stimulus, he sought counseling because of anxiety related to work, and he should have reasonably known that the condition was work-related at that time.  WSI concluded Lechner suffered a mental injury arising from a mental stimulus which was not a compensable injury and his claim was not timely.

[¶5]     Lechner appealed WSI's order.  After a June 2017 hearing before an independent administrative law judge ("ALJ"), the ALJ affirmed WSI's order denying Lechner benefits.  The ALJ found the greater weight of the evidence indicates Lechner may have sustained a mental injury which arose out of a mental stimulus and Lechner did not prove that he sustained a compensable injury or that he sustained a physical injury.  The ALJ found none of the medical records introduced at the hearing indicated that Lechner reported, prior to February 2017, that he had sustained a physical injury during the December 5, 2013, work incident; that Lechner failed to establish he sustained a concussion or other head injury as a result of the work injury on December 5, 2013; and that he failed to establish his current psychological condition was caused by a physical injury.  The ALJ also found the claim was not timely filed, Lechner's 29-month delay in filing for benefits was not reasonable, Lechner should reasonably have known that he suffered a work-related injury well before he filed his claim in May 2016, and Lechner's failure to disclose the alleged injury was the only reason for the delay in his diagnosis.

[¶6]     Lechner petitioned for reconsideration, arguing he was first diagnosed with a concussion and post-concussion syndrome in February 2017, the concussion is a physical injury, the post-concussion syndrome is a mental injury caused by the physical injury, and he did not know his symptoms were attributable to a concussion until he was diagnosed with a concussion.  The ALJ affirmed its prior order.

[¶7]     Lechner appealed the ALJ's order to the district court.  The court affirmed the ALJ's decision.

II

[¶8]     Lechner argues the ALJ erred in affirming WSI's order denying his claim for benefits.  He contends he is entitled to workers' compensation benefits because he sustained a compensable injury and he filed his claim in a timely manner.  He claims he received a concussion during the December 5, 2013, work incident and he suffers from memory loss, post traumatic stress disorder, and sleep disturbance, all of which

2

are related to his concussion. He contends his injury is compensable because the concussion is a physical injury. He asserts his May 2016 claim for benefits was filed in a timely manner because the concussion was not properly diagnosed for three years.

[¶9] This Court's review of an appeal from a decision of an administrative agency is limited under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32. *Brockel v. N.D. Workforce Safety & Ins.*, 2014 ND 26, ¶ 9, 843 N.W.2d 15. The agency's order must be affirmed unless one of the following is established:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency' rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46; *see also* N.D.C.C. § 28-32-49. In an administrative appeal, we do not make independent findings, but instead decide "whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record." *Brockel*, at ¶ 9. We give deference to the ALJ's factual findings. *Id.*

[¶10] Section 65-05-01, N.D.C.C., describes requirements for timely filing of claims for workers' compensation benefits:

> All original claims for benefits must be filed by the injured employee, or someone on the injured employee's behalf, within one year after the injury . . . . The date of injury for purposes of this section is the first date that a reasonable person knew or should have known

that the employee suffered a work-related injury and has either lost wages because of a resulting disability or received medical treatment.

"The statute expressly provides that no benefits are allowed if the claimant fails to file a written claim for benefits within the specified time." *Ringsaker v. Workforce Safety & Ins. Fund*, 2005 ND 44, ¶ 12, 693 N.W.2d 14. The claimant has the burden to prove any entitlement to workers' compensation benefits. N.D.C.C. § 65-05-01.

[¶11] Section 65-05-01, N.D.C.C., uses a reasonable person standard to determine the date of injury. This Court has said that "the Legislature had in mind the ordinary reasonable lay person and not a person learned in medicine." *Evjen v. N.D. Workers Comp. Bureau*, 429 N.W.2d 418, 419 (N.D. 1988) (quoting *Teegarden v. N.D. Workmen's Comp. Bureau*, 313 N.W.2d 716, 718 (N.D. 1981)); *see also Klein v. N.D. Workers Comp. Bureau*, 2001 ND 170, ¶ 16, 634 N.W.2d 530 (explaining the current version of N.D.C.C. § 65-05-01 was amended in 1997 to reflect the policy of the pre-1993 version of the statute, and the amendment revived prior case law regarding the reasonable person standard). This Court has also said the term "injury" as used in the statute means a compensable injury. *Klein*, at ¶ 17. We have held the date of injury for purposes of N.D.C.C. § 65-05-01 is the first date a reasonable lay person, not learned in medicine, knew or should have known that he suffered a compensable work-related injury and has either lost wages or received medical treatment. *Klein*, at ¶¶ 16-17; *see also Ringsaker*, 2005 ND 44, ¶ 20, 693 N.W.2d 14.

[¶12] The statute does not require that a doctor specifically inform the claimant that his work activities caused his injury. *Klein*, 2001 ND 170, ¶ 19, 634 N.W.2d 530. But this Court has explained:

> Certainly, some injuries are obviously caused by the claimant's work and do not require a doctor to inform the claimant his injuries are work related. In these situations, the limitations period begins to run in the absence of any medical advice. Other complex, insidious injuries, however, require knowledge in medical matters because their causes and effects are not immediately apparent to the reasonable lay person, not learned in medicine. These causes and effects can be complex and controversial even for physicians. A specific diagnosis of a claimant's condition, therefore, may not be sufficient to commence the limitations

4

period when the diagnosis does not indicate that the condition is work related and when the condition is a common affliction suffered by many individuals.

*Id.*

[¶13] The ALJ rejected Lechner's argument that his claim was timely. The ALJ found Lechner first reported on February 6, 2017, that he repeatedly "smashed" his head against the wall during the December 5, 2013, work incident. The ALJ found none of the medical records before February 6, 2017, indicated that Lechner reported he had sustained any type of physical injury during the work incident. The ALJ further found:

> Lechner filed a First Report of Injury on May 5, 2016, 29 months after the work incident. If Lechner's psychological injury had arisen from a physical injury that he sustained on December 5, 2013, Lechner should reasonably have known that he suffered a work-related injury well before he filed his First Report of Injury on May 5, 2016.
> Lechner argues that his lengthy delay in filing a claim is justified because he was not diagnosed with a concussion until shortly before he filed his First Report of Injury. However, the only reason for the delay in this diagnosis is that Lechner, himself, failed to disclose that he allegedly sustained a physical injury on December 5, 2013.

The ALJ concluded the 29-month delay was not reasonable.

[¶14] A preponderance of the evidence supports the ALJ's findings. Lechner testified he was locked in a small room for hours while he was working on the night of December 5, 2013, the heater in the room was not working, it was approximately thirty degrees below zero that night, and the room became very cold. He testified he screamed and hit the walls with his fists and his head while he was trapped. Lechner testified he reported the incident to a supervisor but the employer was unable to find another employee to work for him until two days after the incident, and he continued to work during that time in a "[p]oor state, incredible anxiety, the panic attacks and my brain just felt like it wasn't really working properly or it was slow, and I couldn't concentrate on anything, couldn't focus, just incredibly difficult." He testified he knew something wasn't right after the incident, he went on short-term disability, and his condition worsened as time went on.

5

[¶15] Lechner did not present testimony from any medical professionals, but his medical records for December 2013 through March 2017 were admitted into evidence during the hearing. The medical records show Lechner discussed the work incident with multiple medical professionals after the December 2013 incident, including during regular counseling sessions in December 2013 and January 2014, but he did not mention any physical injuries. Evidence established Lechner was diagnosed with a concussion in February 2017 and did not report hitting his head during the work incident until January 2017. Lechner testified he did not tell his doctors that he had "smashed" his head against the wall during the incident until 2017 because he did not know it was part of the problem. Evidence established Lechner was advised to file a workers' compensation claim in 2014 by his counselor. Progress notes from Lechner's counseling sessions show his counselor stated that she "encouraged [Lechner] to file a worker's comp claim in 2014 when his injury became unlikely to quickly resolve, but he thought it too late and couldn't deal with the stress[,] so failed to follow through back then."

[¶16] Lechner has at all times indicated that his psychological problems began when he was trapped at work on December 5, 2013. The alleged injury occurred during a specific incident with a definite date. Evidence established Lechner sought medical treatment shortly after the incident and he was encouraged to apply for worker's compensation benefits by a medical professional. If Lechner received a physical injury from repeatedly hitting his head against the wall during the work incident, the evidence supports a finding that a reasonable lay person, not learned in medicine, knew or should have known that he suffered a compensable work-related injury on December 5, 2013.

[¶17] On this record, a reasoning mind reasonably could conclude the ALJ's finding that Lechner knew or should have known in December 2013 that he suffered a work-related injury was proven by the weight of the evidence. Lechner did not file a claim for workers' compensation benefits until May 2016. We conclude the ALJ's finding that Lechner failed to timely file a claim is supported by a preponderance of the

6

evidence. Because Lechner failed to file his claim in a timely manner, we do not consider whether the ALJ erred in finding Lechner failed to prove he suffered a compensable injury.

III

[¶18]   We have considered the remaining issues and arguments raised and conclude they are either unnecessary to our decision or are without merit.  We affirm the judgment affirming the ALJ's order sustaining WSI's denial of Lechner's claim for workers' compensation benefits.

[¶19]   Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.