# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 147

Bruce Bahmiller,                                                                        Appellee

v.

North Dakota Workforce Safety & Insurance,                          Appellant

and

Matt's Automotive Service Center                                          Respondent

### No. 20210033

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Dean J. Haas, Bismarck, ND, for appellee.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for appellant.

**Jensen, Chief Justice.**

[¶1]   North Dakota Workforce Safety and Insurance ("WSI") appeals from a district court judgment reversing an administrative order sustaining a WSI order denying Bruce Bahmiller's claim for workers' compensation benefits. We affirm the district court judgment, and conclude the administrative law judge's ("ALJ") finding, that Bahmiller failed to file a timely claim for benefits within one year of his work injury, is not supported by the weight of the evidence.

I

[¶2]   Bahmiller has been employed as a full-time auto mechanic since 1984. On April 12, 2019, Bahmiller was diagnosed with carpal tunnel syndrome. His physician recommended he undergo surgery. On April 25, 2019, Bahmiller's employer filed a workers' compensation claim on behalf of Bahmiller.

[¶3]   WSI found Bahmiller's injury involved symptoms of numbness, tingling, and paresthesia in both of his wrists and hands beginning as mild bilateral carpal tunnel syndrome in 2013, a condition which progressed until requiring surgery in 2019. On June 13, 2019, WSI issued a notice of decision denying benefits after concluding Bahmiller's claim was not timely filed because Bahmiller knew he had a work-related injury in 2013 and the claim was required to be filed within one year of the injury. WSI again denied the claim after Bahmiller requested reconsideration.

[¶4]   Bahmiller requested a hearing before an ALJ. At the hearing, the ALJ received testimony from Bahmiller, WSI's claims adjuster, and WSI's medical consultant. The ALJ also reviewed Bahmiller's medical records from 1996 through 2019. The ALJ affirmed WSI's order denying Bahmiller workers' compensation benefits. The ALJ found the greater weight of the evidence established that Bahmiller knew or should have known he suffered a compensable, work-related injury for his carpal tunnel syndrome in 2013 after receiving medical treatment in 2013. The ALJ found Bahmiller was aware in 2013 his work activities prompted his symptoms, and he failed to identify any

1

other activities that would have contributed to the symptoms in his hands and wrists. The ALJ noted Bahmiller's symptoms had significantly limited his ability to perform his job, and he sought medical treatment to address that issue. The ALJ further found Bahmiller did not file a claim earlier because his injury was not debilitating and he did not believe the severity of his condition warranted filing a claim. The ALJ determined Bahmiller filed a claim in 2019 because the severity of his symptoms increased, he was advised he required surgery, and his physician told him to file a workers' compensation claim.

[¶5] Bahmiller appealed the ALJ's decision to the district court. The court determined Bahmiller's claim was timely and reversed the ALJ's order dismissing Bahmiller's claim for benefits.

[¶6] On appeal, WSI argues the ALJ correctly affirmed WSI's order denying Bahmiller's claim for benefits as untimely. WSI argues the weight of the evidence supports the ALJ's finding that a reasonable person in Bahmiller's position knew or should have known he suffered a compensable injury in 2013.

II

[¶7] Our review of an administrative agency's decision is limited and governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32. *Brendel Constr., Inc. v. N.D. Workforce Safety & Ins.*, 2021 ND 3, ¶ 10, 953 N.W.2d 612. This Court must affirm an order of an administrative agency unless:

> 1. The order is not in accordance with the law.
>
> 2. The order is in violation of the constitutional rights of the appellant.
>
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
>
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

2

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46; *see also* N.D.C.C. § 28-32-49. On appeal from a district court order reviewing the decision of an ALJ, we review the decision of the ALJ and not that of the district court. *See* N.D.C.C. § 28-32-49.

[¶8]   Our standard of review in an administrative appeal has been explained as follows:

> When reviewing an appeal from a final order issued by an independent ALJ, courts apply the same deferential standard of review to the ALJ's factual findings as used for agency decisions. Recognizing the ALJ had the opportunity to observe witnesses and the responsibility to assess the credibility of witnesses and resolve conflicts in the evidence, in reviewing the ALJ's findings of fact we do not make independent findings or substitute our judgment for that of the ALJ; we determine only whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record. We do not, however, give deference to an independent ALJ's legal conclusions, and questions of law are fully reviewable on appeal.

*Brendel*, 2021 ND 3, ¶ 11 (quoting *Beam v. N.D. Workforce Safety & Ins. Fund*, 2020 ND 168, ¶ 14, 946 N.W.2d 486).

[¶9]    Section 65-05-01, N.D.C.C., sets forth the requirement for timely filing a workers' compensation benefits claim:

> All original claims for benefits must be filed by the injured employee, or someone on the injured employee's behalf, within one year after the injury . . . . The date of injury for purposes of this section is the first date that a reasonable person knew or should have known that the employee suffered a work-related injury and has either lost wages because of a resulting disability or received medical treatment.

N.D.C.C. § 65-05-01. A claimant is not entitled to receive benefits if they fail to file a written claim for benefits within the specified time under the statute. *Ringsaker v. Workforce Safety & Ins. Fund*, 2005 ND 44, ¶ 12, 693 N.W.2d 14. It is the claimant's burden to prove their entitlement to workers' compensation benefits. *Workforce Safety & Ins. v. Sandberg*, 2019 ND 198, ¶ 14, 931 N.W.2d 488.

[¶10] A reasonable person standard is used to determine the date of an injury under N.D.C.C. § 65-05-01. A reasonable person is an ordinary reasonable lay person, not a person learned in medicine. *Lechner v. N.D. Workforce Safety & Ins.*, 2018 ND 270, ¶ 11, 920 N.W.2d 288. Additionally, an injury under N.D.C.C. § 65-05-01 means a compensable injury. *Klein v. N.D. Workers Comp. Bureau*, 2001 ND 170, ¶ 13, 634 N.W.2d 530; *see* N.D.C.C. § 65-01-02(11) (defining "compensable injury" as "an injury by accident arising out of and in the course of hazardous employment which must be established by medical evidence supported by objective medical findings"). "[T]he date of injury for purposes of N.D.C.C. § 65-05-01 is the first date a reasonable lay person, not learned in medicine, knew or should have known that he suffered a compensable work-related injury and has either lost wages or received medical treatment." *Lechner*, at ¶ 11.

[¶11] "To have a compensable injury, a claimant must know or have reason to know the significance, or seriousness, of her condition and that the injury is work-related." *Anderson v. N.D. Workers Comp. Bureau*, 553 N.W.2d 496, 499 (N.D. 1996). If a person experiences minor pain or other symptoms while working, they are not charged with knowing or having reason to know they

4

suffer a significant or serious injury. *Id.* at 500. Seeking medical treatment also does not necessarily establish a claimant knows or has reason to know they have a significant work-related injury. *Id.* at 499; *but see Ringsaker*, 2005 ND 44, ¶ 19 (determining evidence of claimant's injury was more severe than minor pain after claimant visited doctors on five occasions promptly following injury, including one visit to emergency room, was given numerous injections to alleviate the pain, and was prescribed medication for his pain).

[¶12] The claimant must also know or have reason to know their injury or condition is work-related. *Anderson*, 553 N.W.2d at 499. We have previously determined when a claimant suffers from a "complex, insidious" injury or condition, the individual is not expected to know or have reason to know their injury is work-related until they receive medical advice linking the individual's condition to their employment. *Klein*, 2001 ND 170, ¶ 19. In *Klein*, we noted the following:

> The Legislature has removed the requirement that the employee be informed by his treating health care provider that his work is a substantial contributing cause of his condition, and we do not mean to suggest that a doctor must specifically inform the claimant that his work activities caused the claimant's injury in every case. 1997 N.D. Sess. Laws ch. 539, § 1. Certainly, some injuries are obviously caused by the claimant's work and do not require a doctor to inform the claimant his injuries are work related. In these situations, the limitations period begins to run in the absence of any medical advice. Other complex, insidious injuries, however, require knowledge in medical matters because their causes and effects are not immediately apparent to the reasonable lay person, not learned in medicine. These causes and effects can be complex and controversial even for physicians. A specific diagnosis of a claimant's condition, therefore, may not be sufficient to commence the limitations period when the diagnosis does not indicate that the condition is work related and when the condition is a common affliction suffered by many individuals.

*Id.*; *see Anderson,* at 499-500 (determining claimant with carpal tunnel syndrome had no reason to know the severity of condition and its link to their employment without specific medical advice); *but see Ringsaker*, 2005 ND 44,

5

¶¶ 17-18 (distinguishing *Klein* and *Anderson* and determining medical advice linking condition to employment was unnecessary where claimant suffered an injury during a specific event and consistently indicated their symptoms were linked to that event).

[¶13] The ALJ determined Bahmiller's claim was untimely under the totality of the circumstances. The ALJ found Bahmiller sought medical treatment in 2013 for discomfort and paresthesia of both upper extremities. His symptoms included numbness, tingling, heaviness, and fatigue in his arms, and his right hand would "lock up." Bahmiller's medical records from 2013 indicate Bahmiller did not have an accident or injury that prompted his symptoms, but he believed the symptoms were related to his work activities as an auto mechanic. Bahmiller noted the symptoms were progressing as he continued to work. On July 16, 2013, an EMG study revealed Bahmiller had very minimal slowing through the carpal tunnel. However, his treating physician, Dr. Sollom, indicated Bahmiller did not have symptoms or findings that correlated with carpal tunnel syndrome and determined the symptoms were instead likely related to myofascial restrictions and mild musculoskeletal thoracic outlet syndrome. Bahmiller was then recommended to participate in physical therapy. The ALJ found Bahmiller's medical records from 2013 and 2014 did not indicate whether his treatments were or were not related to work.

[¶14] Bahmiller did not file a workers' compensation claim in 2013. When the WSI claims adjuster inquired with Bahmiller why a claim was not filed in 2013, Bahmiller stated his condition was not debilitating, and he did not believe the severity of his condition warranted filing a claim at that time.

[¶15] In March 2019, Bahmiller sought medical treatment for chronic but worsening numbness in his arm. He reported the numbness and tingling in his arm had been slowly progressive over the years, but the symptoms were particularly troublesome recently. Bahmiller was diagnosed with carpal tunnel syndrome on April 12, 2019. His physician, Dr. Norberg, recommended Bahmiller undergo surgery. Acting upon the purported advice of his physician, Bahmiller's employer filed a claim on behalf of Bahmiller.

[¶16] Under the facts in this case, the evidence is insufficient to show Bahmiller knew or had reason to know he suffered a compensable work-related injury in 2013. The ALJ found Bahmiller experienced symptoms while working in 2013 and sought medical treatment for those symptoms. However, experiencing symptoms while working and seeking medical treatment for those symptoms does not necessarily control whether a claimant knows or has reason to know they suffer from a compensable injury under N.D.C.C. § 65-05-01. *See Anderson*, 553 N.W.2d at 500; *Klein,* 2001 ND 170, ¶ 16. Moreover, Bahmiller's condition in 2013 was not debilitating, and he did not believe the severity of his condition warranted filing a workers' compensation claim in 2013. *See Anderson*, at 500 ("That a person continues to work after experiencing symptoms is evidence the person is unaware an injury is a 'significant health problem.'") (citation omitted). Even if Bahmiller's medical records from 2013 indicate he had mild slowing of the carpal tunnel, the causes and effects of the condition are not apparent to a reasonable layperson, not trained in medicine, absent medical knowledge. *Klein,* at ¶ 19.

[¶17] The ALJ also found that Bahmiller believed his condition was related to his work activities in 2013 because he expressed that belief to his physician. However, Bahmiller is a layperson, not learned in medicine, and there is no evidence the physician linked Bahmiller's condition to his work. Bahmiller's condition was not found to be precipitated by a triggering accident, injury, or other event, and he did not know his symptoms were linked to a specific triggering event. Bahmiller suffered from the "complex, insidious" condition of carpal tunnel syndrome. *See Klein,* 2001 ND 170, ¶ 19. Under these circumstances, we conclude Bahmiller was required to receive medical advice linking his condition to his employment in order to trigger the start of the limitations period to file a claim.

[¶18] When Bahmiller's condition and symptoms significantly progressed in 2019, and he was informed by his physician he had a compensable injury, Bahmiller promptly sought to file a workers' compensation claim. On this record, we conclude a reasoning mind could not reasonably determine Bahmiller knew or should have known he had a compensable injury before

7

April 12, 2019. The ALJ's contrary finding is not supported by the weight of the evidence from the entire record.

## III

[¶19] The weight of the evidence does not support a finding a reasonable person in Bahmiller's position knew or should have known he suffered a compensable injury prior to April 12, 2019. Therefore, we affirm the district court judgment reversing the administrative order sustaining WSI's denial of Bahmiller's claim for workers' compensation benefits.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte